## William Hessel v. Ward Thompson.

1. Damages—*Breach of Contract.*—When a person engages to work for another for a certain period, and is discharged without legal cause before the expiration of such period, he is entitled in an action for a breach of the contract to recover all the damages he suffers in consequence of such discharge.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Logan County; the Hon. Geo. W. Herdman, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

Blinn & Harris and J. T. & F. M. Hoblit, attorneys for appellant, contended that where a person is wrongfully deprived of the use of a house the measure of damages is not what he had to pay for some other house but the rental value of the house he was deprived of using. See Dobbins v. Duquid, 65 Ill. 466; City of Chicago v. Huenerbein, 85 Ill. 594; City v. Hawkins, 48 Ill. 308; 3 Sutherland on Damages, 146. No person can recover for the use of a house unless he has been evicted or wrongfully deprived of the use of it. 12 Am. Eng. Ency. 758; Hayner v. Smith, 53 Ill. 430.

Beach & Hodnett, attorneys for appellee.
Where servant is furnished a house as part of his com-

pensation, he does not occupy as tenant, and the relation of landlord and tenant does not exist. 4 Wait's Actions and Defenses, 399.

Where servant is wrongfully discharged before the expiration of the period for which he was engaged, he is entitled in an action for breach of the contract to recover all the damages he suffers by a breach of the contract, or that ensue to him in consequence of it, and any amount that may be due by the terms of the contract and the value of any unrequited service he may have rendered up to the day of his discharge. Hochester v. De La Tour, 3 E. and Bl. 678; Frost v. Knight, L. R., 5 Exch. 322; Nearns v. Harbert, 25 Mo. 352; Howard v. Daly, 61 N. Y. 362; 2 Wait's Actions and Def. 456; 1 Sutherland on Damages, 18; Moline Plow Co. v. Booth, 17 Ill. App. 574.

Mr. Justice Wall delivered the opinion of the Court.

The appellant brings here the record of a judgment against him in favor of the appellee for $81.74. The cause of action alleged was the breach of a contract by which the appellant employed the appellee to work for him as a farm hand for the term of ten months from March 1, 1894. By the terms of the contract the appellee was to receive $25 per month, with the use of a house, garden, etc., and pasturage for a cow. On the 6th of August he was discharged and required to quit the premises of appellant, which he did. He rented another house in the vicinity and obtained such work as he could during the remainder of the ten months.

The jury allowed compensation on the basis of the difference between the contract price per month and what appellee was able to earn plus what he had to pay for house rent. This item of house rent is one of the matters mainly urged in the brief for our consideration. As stated, the appellee was to have the use of a house as a part of the consideration for his work, and when he was discharged he lost what that was worth as well as the monthly stipend of $25. The complaint specially made is that the appellee was permitted to prove that he paid $3.50 per month for the house he af-

terward took without showing what the house he gave up was reasonably worth. It may be conceded that the worth of the house he gave up was the point to be ascertained. The proof showed what sort of a house that was and what sort of a house he rented.

From these facts the jury might infer what he lost in this respect by the discharge. It might well be inferred that the rental value of the house given up, which contained seven rooms, with garden and pasture privileges, was worth as much as the house of three rooms for which the sum of $3.50 per month was paid.

If the appellant was willing to leave the matter in that shape he ought not to ask a court of review to interfere. If there was error in admitting this proof it is apparent appellant has not suffered thereby.

The other point pressed by the brief is that the trial court improperly excluded evidence offered by appellant. The proposed proof was that the appellee told witness that he was going to give appellant a provocation, or words to that effect, in order to get him to discharge the appellee and then make him trouble afterward.

The appellant in his testimony had stated that he discharged appellee because appellee had said to him that he took some pears from a tree standing in the garden attached to the house occupied by appellee. The latter testified that the pears were taken by some one during his temporary absence and that he asked appellant if he took them but did not charge him with doing so. A witness, Roller, testified that appellee told him he thought appellant had taken the pears, and appellee admitted that he did say to the witness, that he thought appellant got the pears, but he asked him about it and that appellant had denied it. Appellant testified that the appellee "was in good humor" when he so spoke in regard to the pears. The incident as it is thus related seems a very trivial thing upon which to predicate a discharge. The jury were told by instructions given at the instance of appellant if appellee falsely accused appellant of stealing the pears, and that such conduct would have in-

duced an ordinarily prudent man to discharge an employe, then such discharge was proper. So it was left to the jury to say whether such false charge, if made as alleged, was enough to warrant a discharge.

The offered proof would have tended to show that appellee did make the remark as alleged by the appellant, but the preponderance of the evidence was with the appellant on that point already and we can not think the jury would have been more inclined to find for him if they had heard the proof.

As related by the appellant, the remark made in good humor was not a matter for serious consideration. Whether it was in the form of a question or a direct charge, it was mere banter, not in ill humor, about a trifle, and unless there had been some other cause or motive it is not probable this would have been made the pretext for a discharge.

If the appellee was really in good humor, not caring specially whether appellant had taken the pears, the incident would not have induced an ordinarily prudent and tenacious man to discharge an employe without giving him an opportunity for explanation or apology. And if appellee appeared to be disturbed or aggrieved, the appellant, being innocent, should have been willing to convince him of the fact. The excluded evidence should have been received, but the error committed is not serious enough to require a reversal. Had it been admitted it would have done no more than confirm the appellant's version of the matter, and as already said, we can not suppose a different verdict would have been or should have been reached. We think the jury were justified in the conclusion that for some other reason the appellant desired to end the employment and made this very unsubstantial excuse for so doing.

The judgment will be affirmed.